UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES, | Case No. 5:14-cr-00028-EJD-1 |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
| v. | |
| MARCO ANTONIO OCHOA, | Re: ECF No. 221 |
| Defendant. | |

Appearing *pro se*, Defendant Ochoa moves for compassionate release seeking reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) on the basis that the Covid-19 pandemic poses significant health risks to him because he suffers from diabetes, high blood pressure, and obesity. ECF No. 221 ("Mot."). Defendant is currently serving a 132-month sentence followed by 5 years supervised release for his conviction violation of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine under 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii). ECF Nos. 95 ("PSR") ¶ 2; 102; 103. He is serving that term at U.S. Penitentiary Lompoc, with an anticipated release date of November 3, 2023. ECF No. 228 ("Opp'n") at 1.

Section 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), provides that a court may modify a previously imposed sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is

Case No.: 5:14-cr-00028-EJD-1
ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
1

earlier." 18 U.S.C. § 3582(c)(1)(A).[1] Under this provision the court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In determining whether "extraordinary and compelling reasons" exist for reducing the defendant's sentence, the Court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." 18 § 3582(c)(1)(A). The Court must also ensure that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Section 3582(c)(1)(A)(i) does not specifically define what constitutes "extraordinary and compelling circumstances" but the "Application Notes" of § 1B1.13 of the United States Sentencing Guideline ("U.S.S.G.") set forth the following categories: "(1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories." *United States v. Davis*, No. 98-CR-40082-YGR, 2021 WL 5816283, at *1 (N.D. Cal. Nov. 9, 2021) (citing U.S.S.G. § 1B1.13, Application Note 1(A)). Although the Sentencing Commission's policy statement set forth in § 1B1.13 is binding on motions for compassionate release brought by the BOP and not those which are defendant-filed, it may nevertheless "inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *see also United States v. Juarez*, No. 17-CR-00554-PJH-1, 2022 WL 4544698, at *2 (N.D. Cal. Sept. 28, 2022).

Defendant contends that he is eligible for compassionate release based on extraordinary and compelling reasons because his underlying health conditions place him at heightened risk of death or serious injury from Covid-19. Mot. at 5. Defendant suffers from type 2 diabetes, high

---

[1] As a procedural matter, Defendant exhausted his administrative remedies pursuant to Section 3582(c)(1)(A). *See* ECF Nos. 192 at 7; 206 at 3. Defendant asserts that he submitted a request for compassionate release to the warden on October 3, 2022. ECF No. 221 at 3. The government has indicated that, although it was not able to confirm whether Defendant exhausted his administrative remedies, the government will not dispute this assertion. Opp'n, at 1 n.1.

Case No.: 5:14-cr-00028-EJD-1
ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
2

blood pressure, and obesity with a BMI higher than 50. *Id.* at 5, 7–8; PSR ¶ 56. Defendant was diagnosed with diabetes prior to his arrest and later diagnosed with obesity, diabetes, high blood pressure, and an epilepsy/seizure disorder while in custody. Opp'n at 2.

        Having reviewed the record and considered the parties' briefs, the Court finds that Defendant has not demonstrated extraordinary and compelling reasons justifying compassionate release. First Defendant is 46 years old, which is not an advanced age that may exacerbate deteriorating health and place individuals at an increased risk of death or severe illness from Covid-19. *See e.g.*, *USA v. Kramer*, No. 5:16-CR-00322-EJD-1, 2023 WL 361092, at *3 (N.D. Cal. Jan. 23, 2023) (finding that defendant's deteriorating health due to his advanced age places him at heightened risk of death or severe illness from COVID-19); *United States v. Yellin*, Case No. 3:15-cr-3181-BTM-1, 2020 WL 3488738, at *13 (S.D. Cal. June 26, 2020) (finding inmate's advanced age of 76 in combination with his severe medical conditions and percentage of time served constituted extraordinary and compelling reasons).

        Second, Defendant is fully vaccinated; he received the first dose of the Pfizer vaccine on April 29, 2021 and the second dose on May 19, 2021. Opp'n at 2. Many courts, including this Court, have denied motions for compassionate release where the defendant has received immunizations. *See, e.g.*, *United State v. Quintero*, No. 5:11-CR-00550-EJD, 2021 WL 4846929, at *3 (N.D. Cal. Oct. 18, 2021) ("That Defendant was vaccinated and recovered from COVID-19 provides a measure of protection."); *United States v. Sineneng-Smith*, No. 10-CR-00414-BLF-1, 2022 WL 1304106, at *2 (N.D. Cal. May 2, 2022) ("[T]he fact that Ms. Sineneng-Smith has received a COVID vaccine and booster lowers her risk of adverse consequences from the virus."); *United States v. Schmuel*, No. 19-CR-03006-BAS-1, 2022 WL 623914, at *1 (S.D. Cal. Mar. 2, 2022) ("Defendant's full vaccination status, coupled with a recent booster shot, negate his claim of risk based on COVID-19."). While being vaccinated does not preclude compassionate release, federal courts in the Ninth Circuit "have held almost uniformly that a defendant's vaccination undercuts any claims of 'extraordinary and compelling reasons' based on a high risk of infection." *United States v. Smith*, 538 F. Supp. 3d 990, 996 (E.D. Cal. 2021).

Case No.: 5:14-cr-00028-EJD-1
ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

3

Finally, although Defendant has medical conditions that may increase his risk for severe illness of Covid-19—such as diabetes high blood pressure, and obesity—Defendant has not indicated that his chronic conditions are not being adequately managed in BOP custody. In general, courts in this circuit granted motions for compassionate release that cited these comorbidities during the height of the Covid-19 pandemic, and which predated widespread Covid-19 vaccinations. *See, e.g.*, *United States v. Ramos*, No. 17-CR-00379-LHK-2, 2020 WL 7247208, at *1 (N.D. Cal. Dec. 9, 2020); *United States v. Armstrong*, No. 18-CR-5108-BAS-1, 2020 WL 4366015, at *1 (S.D. Cal. July 30, 2020); *United States v. Summerfield*, No. 2:06-CR-00428-KJM, 2021 WL 1517923, at *4 (E.D. Cal. Apr. 16, 2021); *United States v. Yellin*, 2020 WL 3488738, at *2–*3 (S.D. Cal. June 26, 2020). Here, Defendant is fully vaccinated and, to date, 2,384 inmates and 278 staff at USP Lompac have been fully inoculated. *See* https://www.bop.gov/coronavirus/covid19_statistics.html. In combination with the aforementioned considerations, and because Defendant's conditions are not terminal and appear to be adequately treated at the facility, the Court cannot conclude that Defendants' circumstances are so extraordinary as to warrant release from incarceration.

Accordingly, Defendant has failed to meet his burden of demonstrating "extraordinary and compelling reasons" warranting a sentence reduction under § 3582(c)(1)(A) and the Court DENIES his motion.[2]

**IT IS SO ORDERED.**

Dated: November 1, 2023

EDWARD J. DAVILA
United States District Judge

---

[2] Because the Court finds that Defendant has not met his burden of demonstrating an extraordinary and compelling reason warranting his compassionate release, the Court need not address the government's arguments regarding the adequacy of Defendant's release plan or whether Defendant poses a danger to his community pursuant to the sentencing factors, 18 U.S.C. § 3553(a).

Case No.: 5:14-cr-00028-EJD-1
ORDER DENYING MOTION FOR COMPASSIONATE RELEASE
4